```
                UNITED STATES  DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

BUCCANEER VILLA VETERINARY                               CIVIL ACTION
HOSPITAL, INC.

versus                                                   NO. 06-9118

STATE FARM INSURANCE COMPANY                             SECTION: E/1
et al

## ORDER AND REASONS

Plaintiff Buccaneer Villa Veterinary Hospital, Inc.'s ("Buccaneer") motion to remand to the 34th Judicial District Court for the Parish of St. Bernard is before the Court. Record document #3. Defendant State Farm Insurance Company ("State Farm") opposes the motion. After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

## FACTS AND PROCEDURAL BACKGROUND

Buccaneer's veterinary hospital in St. Bernard Parish was completely destroyed by Hurricane Katrina.[1] Buccaneer had in place at the time a Business Policy of insurance issued by State Farm, a foreign insurer doing business in Louisiana, purchased through defendant Wayne M. Keating, ("Keating"), an agent of State Farm. Keating is a Louisiana domiciliary. According to the Petition, State Farm has failed to fairly and properly adjust the claim under the Business Policy, and Keating, *inter alia*, failed to properly advise Buccaneer and to procure adequate flood

---

[1] See, generally, Petition for Damages.

insurance. Buccaneer filed suit in state court against defendants; State Farm removed the suit to federal court alleging diversity jurisdiction.

State Farm's Notice of Removal alleges federal subject matter jurisdiction because the claim involves a claim under a flood insurance policy; and diversity jurisdiction because Keating is improperly joined in an attempt to defeat diversity jurisdiction, and that the jurisdictional amount of $75,000.00 is met[2]. State Farm also argues that the claims against Keating are perempted pursuant to La.R.S. 9:5606.

## ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction. 28 U.S.C. §1441(a). Statutes conferring removal jurisdiction are strictly construed in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000). The burden is on the removing party to show that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

---

[2] There is no dispute that the claim is for more than $75,000.00.

Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand.  Manguno, 276 F.3d at 723.  Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence." Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

    This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.  *See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 06-7550 (E.D.La. December 2006).

Buccaneer first argues that State Farm's removal was improper because it was not timely, having been filed 31 days after Keating was served with process.  *See* 28 U.S.C. §1446(b).  It cites several cases in support of its argument, but none of those cases is applicable here because all involved completely diverse defendants, or an issue regarding the citizenship of named defendants.  As the Fifth Circuit stated in <u>Getty Oil Corporation v. Insurance Company of North America</u>, 841 F.2d 1254, 1262-63 (5th Cir. 1988), "[i]n cases involving multiple defendants the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)."  This case was not removable when Keating was served because he is a Louisiana resident, hence there was no diversity.  It became removable upon service of State Farm.

State Farm's memorandum in opposition does not address its claim in the Notice of Removal that this court has jurisdiction based on a claim against an NIFP flood policy.  The claim has therefore been abandoned.  Instead, State Farm argues improper joinder of the nondiverse party, claiming that Buccaneer's allegations do not state a cause of action against Keating under Louisiana law.  In admittedly general terms, Buccaneer's Petition alleges that it sought professional advise from Keating regarding procuring the correct amount of flood insurance protection and relied on Keating's advise and representations regarding the

purchase of flood insurance.  At a minimum, resolving ambiguities and disputed allegations in favor of the nonremoving party, these allegations state a claim against Keating under Louisiana law. *See, e.g.,* Landry v. State Farm Fire & Casualty Co., 428 F.Supp.2d 531, 536-37 (E.D.La. 4/25/2006).

Moreover, from the allegations in the complaint and the evidence before it, the Court cannot determine whether Buccaneer's claims against Keating are perempted pursuant to La.R.S. 9:5606(A).  These factual disputes must be resolved in favor of remand.  State Farm has not met its burden of proving by clear and convincing evidence that removal was proper.

Buccaneer's motion claims that it is entitled to attorney's fees and costs for the prosecution of this motion under 28 U.S.C. §1447(c) because State Farm knew or should have known that its notice of removal was not filed timely.  The Court disposed of this argument *supra*.

Accordingly,

**IT IS ORDERED** that Buccaneer's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-9118, is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard for lack of subject matter jurisdiction.

New Orleans, Louisiana, January 24, 2007.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge